UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM THOMAS,

                Plaintiff,

v.                                                      Case No. 3:20-cv-1299-J-34MCR

A. ESPOSITO,

                Defendant.

_____

**ORDER**

      Plaintiff William Thomas, an inmate of the Florida penal system, initiated this action

on November 10, 2020, by filing a pro se Civil Rights Complaint (Complaint; Doc. 1) under

42 U.S.C. § 1983. Thomas names A. Esposito as the sole Defendant. Thomas asserts

Esposito threatened retaliation against Thomas for filing grievances. Complaint at 5.[1] As

relief, Thomas requests, compensatory, punitive, and nominal damages, as well as court

costs and fees. Id.

      The Prison Litigation Reform Act requires the Court to dismiss this case at any

time if the Court determines that the action is frivolous, malicious, fails to state a claim

upon which relief can be granted or seeks monetary relief against a defendant who is

immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). "A claim is frivolous if it is

without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.

2001) (citing Battle v. Central State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A

complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil

_____

[1] For purposes of reference, the Court will cite the page number assigned by the Court's electronic docketing system.

Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id.

The Court must read a plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him or her of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, the Eleventh Circuit "'requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation' in § 1983 cases." Rodriguez v. Sec'y, Dep't of Corr., 508 F.3d 611, 625 (11th Cir. 2007) (quoting Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986)). More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. See L.S.T., Inc., v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). As such, "'conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal.'" Rehberger v. Henry

<u>Cty., Ga.</u>, 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (citation omitted). In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, Thomas cannot sustain a cause of action against the Defendants.

In the Complaint, Thomas alleges that on December 2, 2016,

> Esposito told me to submit to a pat search and put all my personal property on the bed. After conducting [the] pat search and going through my property Esposito threaten[ed] to do great bodily harm if I were to write another grievance. Told me he do[es] not like snitches and does his dirty work himself.

Complaint at 5. Notably, Thomas also states in the Complaint that he subsequently filed a formal grievance regarding this incident to prison officials and that the matter was referred to the Inspector's Office. <u>Id.</u> at 7.

Although Thomas does not assert which of his constitutional rights Esposito allegedly violated, reading his Complaint liberally the Court construes the allegations as a First Amendment retaliation claim. "The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech." <u>Farrow v. West</u>, 320 F.3d 1235, 1248 (11th Cir. 2003). "It is an established principle of constitutional law that an inmate is considered to be exercising his First Amendment right of freedom of speech when he complains to the prison's administrators about the conditions of his confinement." <u>Smith v. Mosley</u>, 532 F.3d 1270, 1276 (11th Cir. 2008) (citing <u>Farrow</u>, 320 F.3d at 1248); <u>see also</u> <u>Hollins v. Samuals</u>, 540 F. App'x 937, 938-39 (11th Cir. 2013) ("We've routinely held that a prisoner's complaints about prison conditions, via administrative grievances, lawsuits, and the like are protected under the First Amendment."). To prove a First Amendment retaliation claim, an inmate must establish that: "(1) his speech was constitutionally protected; (2) the inmate suffered adverse action

3

such that the administrator's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech." Mosley, 532 F.3d at 1276.

Here, Thomas cannot establish the second element. Thomas's factual allegations demonstrate that he was not deterred from filing additional grievances as he specifically alleges that he filed a grievance against Esposito after the alleged threats. Accordingly, it cannot be said that Esposito's alleged conduct deterred Thomas from exercising his protected speech. See Smith v. Israel, 619 F. App'x 839, 842 (11th Cir. 2015) (holding that "Smith did not show that these allegedly retaliatory acts would 'likely deter a person of ordinary firmness' from complaining about the conditions of his confinement, as Smith himself made a second verbal request after the strip search and filed a grievance after the handcuffing."); Floyd v. Sigmon, No. 3:15CV482/MCR/CJK, 2016 WL 3713208, at *3 (N.D. Fla. June 9, 2016), report and recommendation adopted, No. 3:15CV482/MCR/CJK, 2016 WL 3704495 (N.D. Fla. July 12, 2016) (finding no First Amendment violation where plaintiff "not only submitted several subsequent requests to Sigmon for the same legal materials, he also filed informal and formal grievances about Sigmon's conduct to Warden Comerford and Grievance Official Stine"). Accordingly, Thomas has failed to state a claim upon which relief can be granted and this action is therefore due to be dismissed.

In light of the above, it is

**ORDERED** that:

1.      This case is hereby **DISMISSED WITHOUT PREJUDICE**.

2.      The Clerk of Court shall enter judgment dismissing this case without

prejudice, terminating any pending motions, and closing the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 23rd day of November, 2020.

MARCIA MORALES HOWARD
United States District Judge

Jax-8

c:  William Thomas #5428031